IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NANCY ROSARIO, | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 3:CV-08-1484 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| DAWN CHAMBERLAIN, | : | |
| | : | |
| Respondent. | : | |

## **MEMORANDUM**

Petitioner Nancy Rosario, an inmate confined at the Muncy State Correctional Institution ("SCI-Muncy") in Muncy, Pennsylvania, initiated this *pro se* action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Petition (Doc. 1) currently is before the Court for screening. For the reasons set forth below, the Petition will be dismissed.

## **BACKGROUND**

On September 13, 1996, Rosario was sentenced to a term of life imprisonment following her conviction in the Court of Common Pleas of Lancaster County of First Degree Murder and Criminal Conspiracy. (Doc. 1 at 1.) On December 12, 1997, her conviction was upheld by the Pennsylvania Superior Court. (*See id.*) On May 29, 1998, the Pennsylvania Supreme Court denied her Petition for Allowance of Appeal. (*See id.*)

Nearly ten years after her sentence became final, on January 6, 2008, Petitioner filed a petition under Pennsylvania's Post Conviction Relief Act , 42

Pa. Cons.Stat. Ann. § 9541, *et seq.* ("PCRA"). (*See id.*) In her PCRA Petition, she claimed that her right to due process was violated when the trial court and/or her attorney failed to provide her with copies of her trial transcripts. (*See id.*) She requested copies of her trial transcripts in her PCRA Petition. (*See id.*) On February 21, 2008, the PCRA Court issued a Notice and Order pursuant to Pa. R. Crim. P. 907 informing Rosario that it had concluded that her PCRA Petition is meritless and that no purpose would be served by any further proceedings. (*See* Doc. 1 at 10.) The PCRA Court based its conclusion upon the "no-merit" letter and motion to withdraw filed by Rosario's appointed counsel on February 15, 2008. (*See id.*) The Notice and Order granted Rosario leave until March 21, 2008 to respond with any relevant information or documentation for review.[1] (*See id.*)

In April 2008, Rosario appealed the PCRA Court's dismissal of her PCRA Petition to the Pennsylvania Superior Court. (*See id.* at 2.) Rosario indicates in the instant Petition that the appeal in the Superior Court was not yet ripe for disposition at the time of filing inasmuch as appellant's brief was due on August 25, 2008. (*See id.*)

On February 15, 2008, Rosario filed a "Petition for Joinder" with the Pennsylvania Supreme Court seeking to join in a petition filed in that Court by Zinia Aponte at No. 1037 MAL 2007. (*See id.* at 2, 11.) On February 20, 2008, the Pennsylvania Supreme Court issued a Notice of Defective Filing indicating

---

[1]Rosario does not indicate in her Petition whether she filed a response to the PCRA Court's Notice and Order.

that Rosario's Petition was an impermissible filing because Ms. Aponte's matter is not a class action suit and therefore could not be joined.  (*See id.* at 11.)

Rosario filed the instant Petition on August 7, 2008.  In her Petition, she seeks habeas relief on the basis that she has been denied copies of her trial transcripts for twelve years.  (*See id.* at 1, 3.)  Rosario does not specify when she made her requests other than her most recent request in her PCRA Petition filed on January 6, 2008.  (*See id.*)  She claims that as a result of being denied copies of her transcripts, she has been denied due process, access to the courts to seek post-conviction relief, her right to a public trial, her right to confrontation, and all rights secured by the Constitution of the United States.  (*See id.*)

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . ."  *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied,* 400 U.S. 906 (1970); *accord Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991).  The *Allen* Court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for

lack of merit on its face." 424 F.2d at 141.

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his or her confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 67-68; *see also Johnson v. Rosemeyer*, 117 F.3d 104, 109 (3d Cir. 1997).

While Rosario currently is "in custody," her claim that she has been denied copies of her trial transcripts does not constitute a collateral attack on the validity of her state conviction and/or sentence. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). It also does not constitute a challenge to the legality of her present incarceration.

A petition for writ of habeas corpus is not the appropriate means to pursue claims of error during PCRA proceedings. *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004). The *Lambert* Court reminded as follows:

> The federal courts are authorized to provide collateral relief where a petitioner is in state custody or under a federal sentence imposed in violation of the Constitution or the laws or treaties of the United States. 28 U.S.C. §§ 2254, 2255. Thus, the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's *collateral* proceeding does not enter into the habeas calculation.

*Id.* (quoting *Hassine v. Zimmerman*, 160 F.3d 941, 954-55 (3d Cir. 1998) (internal citations omitted)).  Accordingly, Rosario's claim that the trial court and/or her attorney denied her request for copies of her trial transcripts during her PCRA proceedings is not a proper basis for habeas relief from her original conviction.  *See Lambert*, 387 F.3d at 247; *see also Aponte v. Chamberlain*, No. 4:08-CV-1295 (M.D. Pa. October 6, 2008) (Jones, J.) (deeming challenge to PCRA Court's failure to provide copies of trial transcripts to be improper basis for habeas relief and dismissing petition).  Therefore, the Petition will be dismissed.

    An appropriate Order follows.


October 9, 2008                                  s/ A. Richard Caputo
                                                 A. RICHARD CAPUTO
                                                 United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NANCY ROSARIO,                          :
                                        :
        Petitioner,             :     CIVIL NO. 3:CV-08-1484
                                        :
v.                                      :     (Judge Caputo)
                                        :
DAWN CHAMBERLAIN,                       :
                                        :
        Respondent.             :

## ORDER

**AND NOW, THIS 9th DAY OF OCTOBER, 2008,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

    1.    Petitioner's Motion for leave to proceed *in forma pauperis* (Doc. 3) is **GRANTED** solely for the purpose of filing the instant habeas petition.

    2.    The Petition for writ of habeas corpus (Doc. 1) is **DISMISSED**.

    3.    The Clerk of Court is directed to close this case.

    4.    There is no basis for the issuance of a certificate of appealability.

                          s/ A. Richard Caputo
                          A. RICHARD CAPUTO
                          United States District Judge