# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY ROSARIO, | : |
|     Petitioner | : |
| | :   CIVIL NO. 3:CV-08-1484 |
| v. | : |
| | :   (Judge Caputo) |
| SUPERINTENDENT DAWN CHAMBERLAIN, *ET AL.,* | : |
|     Respondent | : |

**O R D E R**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On October 9, 2008, this Court issued a Memorandum and Order dismissing Nancy Rosario's pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 4, Order.) Ms. Rosario was convicted in the Lancaster County Court of Common Pleas of First Degree Murder and Criminal Conspiracy. (Doc. 1, Petition.) She is presently serving her life sentence at the Muncy State Correctional Institution, in Muncy, Pennsylvania. (*Id*.) In her petition Ms. Rosario challenges the state PCRA court's denial of her request for trial transcripts. (*Id*.) Upon screening the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court dismissed the Petition without requiring an answer after determining her claim was not cognizable under § 2254. (*See* Doc. 4.) The matter presently proceeds on a motion for reconsideration filed by Ms. Rosario on November 12, 2008. (Doc. 5, Motion for Reconsideration.)

A motion to alter or amend is a device of limited utility.  It may be used only to remedy manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  A judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds:  (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café*, 176 F.3d 669, 677 (3d Cir. 1999).  A motion for reconsideration is not intended to give an unhappy litigant an additional chance to rehash or reargue issues which have already been considered and disposed of by the Court. *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002).  A losing party may not use a motion for reconsideration to raise new arguments or supporting facts that it could have raised previously, but did not. *McDowell Oil Serv., Inc. V. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993).

The motion, however, may also be appropriate in instances where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error, not of reasoning, but of apprehension." *See Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds*, 915 F. Supp. 712 (M.D. Pa. 1996).  Finally, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental*

*Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). Only where extraordinary circumstances are present should relief under Rule 60(b) be granted. *Bohus v. Beloff*, 95 F.2d 919, 930 (3d Cir. 1991).

In the instant case, Ms. Rosario fails to meet this standard. As discussed in the Order dismissing the Petition, her claims of the PCRA court's denial of her request for a copy of her trial transcript are not cognizable in a federal habeas action. See *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004). Nancy Rosario's arguments for reconsideration present no basis of relief.

**ACCORDINGLY, this 25th day of AUGUST, 2009,** the motion for reconsideration (doc. 5) is **denied**.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**